The opinion of the Court was delivered by
Mr. Justice Johnson.
The verdict, in this case, is predicated on what I conceive to be a mistaken construction of rules said to be established in locating lands; they are, 1st, That natural marks or boundaries, are to be preferred to artificial. 2d, That the oldest grant is to be located to the best advantage. Location appears to me to be more a *117 question of evidence than of principié, for it is almost impossible to conceive of a case, when either of these would operate as conclusive, unless it be when a natural, boundary, and not an intervening natural mark, is called for; and even this 1 should not always think conclusive. Suppose, for instance, a surveyor had run, as in this case, one line, and part of another, and distinctly marked them, and had, without closing the lines, called for a watercourse as his western boundary, when, in fact, the watercourse lay at a distance to the east, would it be permitted to the grantee in opposition to conclusive evidence, that the land was located by the marked lines, to shift it from this position to the watercourse, for the purpose of preserving that boundary ? Surely not— if it were, our freeholds would soon become as. ambulatory as their owners. This, however, may be said to be an extreme case, but it answers the purpose of showing, that a blind devotion to this rule would lead to infinite error; and, as applied to this case, it is erroneous in the extreme; every surveyor knows, that small watercourses are designated in the plats annexed to many of the old, and even of the recent grants, without regard to any rule of location; and it would be monstrous to suffer them to control the principle so long and so uniformly acted on,, that in the absence of natural or artificial boundary, the course and distance must determine the location; besides it is evident, in this case, that the creek was de *118 lineated without regard to any rule, for, to take distance from it on the opposite line, and the shape of the plat will be distorted in the opposite direction, and leave the plaintiff less land than the defendant insists he is entitled to. it appears to me, therefore, that this rule can never be well applied, except when the mind of the Jury is in a complete state of oscillation as to the question of location, for then, and then only, it ought to govern; because it is not controlled by-more conclusive evidence of location.
The second rule is even more fallacious than the first. If the oldest grant is to be closed to the best advantage, why not, let me ask, include all the surrounding country in it ? If its true lor cation is to be departed from, this is practicable, and would certainly be to the best advantage. The true rule is, that the older grant is to be located in the manner that the highest of it points out, without regard to its influence on those that are of more recent date. In coming at the evidence, the following rules may be service-, able :
1st. The actual marked corners, stations, and lines, ought to be preserved, consistent with the courses and distances; but if they disagree, the former should prevail.
2d. Natural and artificial boundaries ought to be preserved, unless they are controlled by more conclusive evidences of location,
*119 M. In the absence of these, co’urse and distance must determine the location.
4th. Intervening natural marks oüght to be preserved, if practicable, and ought to have their influence on the location, if it appear that they were designated by rule, and are not controlled by other circumstances.
But, after all that can be said on the subject* it is one concerning which no precise and definite rule can be laid down which would not be subject to the infinite variety of exceptions which arise out of mere matters of evidence.
I am of opinion that the motion for a new trial ©ught to prevail.
CokocJc, Cheves, Gantt, and JVbii, J. concurred.